JEANNETTE GAYLE, PLAINTIFF, v. LEN–TONIS BEAUTY HOUSE, ET ALS., DEFENDANTS.

Superior Court of New Jersey
Law Division Civil
Union County

Decided July 31, 1985.

*Katherine V. Dresdner* for plaintiff (*Freeman & Bass,* attorneys).

*James J. Byrnes,* for defendant (*Byrnes & Guidera,* attorneys).

McGRATH, J.S.C.

This matter comes before the Court on a motion for reconsideration of an Order of this Court dismissing the complaint as to

defendants Fannie Lee and Len-Tonis Beauty House. An Order dismissing the complaint was granted for failure of the plaintiff to serve these two defendants within the time required under *R.* 4:4–1. The essence of the complaint is a claim of injury to the plaintiff as a result of being administered certain beauty treatments at the defendant's beauty parlor. The remaining defendant, Soft Sheen Products, Inc., is an alleged manufacturer of a chemical.

The occurrence was on November 10, 1982. A complaint was filed on February 15, 1984. At the time of the filing of the complaint, plaintiff's attorney alleges a mailing of a copy of a summons and a complaint by ordinary mail dated March 14, 1984 to Fannie Lee at 1609 Maple Avenue, Hillside, New Jersey and upon Len-Tonis Beauty House at the same address. This information is gleaned from plaintiff's counsel's certification. There is no affidavit of the person who did the mailing setting forth where it was mailed from, the postage amount, etc. Attached to the certification are photostatic copies of envelopes addressed to the two defendants, both of which bear certified mail stamps and a detached form showing "first notice 3/16/84", "2nd notice 3/21/84", and marked "returned to sender, March 31." There is no proof before the Court therefore that either defendant ever received any alleged summons and complaint.

Counsel argues that plaintiff relied on *R.*4:4–4(a) as to service. The last sentence provides for "service by registered, certified or ordinary mail...." Of course, no default can be entered when service is made under this section of the Rule.

No pleadings were ever filed by either of the defendants. In March, 1985 plaintiff's attorney decided to have the Sheriff of Essex County serve the two defendants personally, which was accomplished on March 12, 1985. Based upon an affidavit of service by the attorney for the plaintiff, a default was sought from the Clerk of the Superior Court in Trenton. No evidence is before this Court that a default was in fact entered.

In any event, a motion was made on May 16, 1985 by the two defendants for an order dismissing the complaint for failure to make service within the time provided by the Rules of the Court. Obviously, the motion was directed to the Sheriff's service in March 1985. There is no evidence whatever that the defendant ever had notice of the *filing of suit* until the time of the service by the Sheriff, some 13 months after the complaint was filed and two years and four months after the alleged incident. In the certification attached to the notice of motion to dismiss the complaint as to these two defendants, Fannie Lee, the owner and operator of the beauty parlor, certifies that service was made upon her by the Sheriff at 69 Maple Avenue, Hillside, New Jersey. This is the address where she has been operating her business for years, inclusive of the date of the incident. She states further that she knows of no reason why service could not have been made upon her by the Sheriff at that address when the suit was filed. She further certifies that the complaint alleges the involvement of two additional defendants given fictitious names and that diligent service of the summons and complaint upon her would have allowed her to timely pursue any claims against manufacturers of hair products. At this juncture, any claims she might have had against potential co-defendants are barred by the statute of limitations. There is certainly prejudice against Fannie Lee and Len-Tonis Beauty House to allow the complaint to stand as to these two defendants.

The original notice to dismiss the complaint as to these two defendants was granted on July 7, 1985. In the motion for reconsideration, plaintiff's attorney again relies on justification for the service by mail under *R.*4:4–4(a). To this, counsel for the defendants refers to the balance of the Rule relied upon by the plaintiff, which states further that if service is by mail "no default shall be entered for failure to appear unless service is made under another provision of this paragraph (a)." He argues that it would be a strained interpretation of the Rule to allow a plaintiff to mail a summons and complaint by regular

mail and to rely on same indefinitely despite the fact that absolutely no response is made as a result of that regular mailing.

■■ The footnotes of the Rule offer no guidance under the facts of this case. The Court is requested to say that service was in fact made when the letters were mailed (by whatever method) and that therefore the provisions of *R.*4:4–1 have been met. The footnotes under *R.*4:4–4 set forth that the mailing provision is experimental. However, the footnotes caution that the practice could be subject to abuse. This Court deems that these experimental provisions afford plaintiff the option of using the mailing method if it appears somewhat certain that the defendant is going to file an answering pleading, because if the defendant does not answer the plaintiff has just wasted time and he can never obtain a default. An "infant friendly" should be a typical use of this method. The Rule must be read to say that if it develops that an answer is not filed, certainly within a very short time, then the plaintiff is required to proceed under another portion of the Rule. The Rule's experimental provision for service by mail is to simplify practice, not to be used as a "safety net" for an attorney who did not monitor his file. The Court finds the plaintiff was required to act in such a manner in this case. Plaintiff cannot sit back for 13 months, then send the Sheriff to the very store where the defendant has been for years, and then rely upon that late service as a valid service of process. Here, it is obvious that defendants have been prejudiced.

■ In the motion for reconsideration, plaintiff's attorney advances another theory. That is that the defendants knew of the "claim" by plaintiff's certification alleging that on August 11, 1982 the defendants were advised by a letter from the plaintiff's attorney's office of such a fact. Plaintiff's attorney's certification further sets forth that in December 1982 Fannie Lee wrote a letter to her office stating that she had no insurance. The certification further says that in January 1983 there was correspondence with the defendants from the plain-

tiff's attorney advising defendants to seek legal representation. The certification goes on to say that in January 1983 Ms. Lee corresponded with plaintiff's attorney requesting exactly what the plaintiff wanted and indicating that she had attempted to speak with plaintiff, but that plaintiff told her that her attorney advised her not to discuss the case. Plaintiff's attorney argues that this knowledge of the claim absolves her office's noncompliance with the Rules of the Court and demonstrates no prejudice to the defendants. Of course, this argument has no merit. Notice of a claim by a letter is one thing. Notice of a law suit against one is another. The summons itself sets forth what has to be done as a result of the suit being filed. It is notice to the defendant what the defendant must do in order to protect his interest. It is at that time defendant can file a third party claim. This is vastly different from having a lawyer write a letter advising one of a "claim". Regardless of whatever notice the defendants had of "claims", they must be aware of a law suit. These defendants were not aware of any law suit until the Sheriff of Essex County served them in May 1984. The motion by the plaintiff for reconsideration is denied and is not to be submitted to this Court.

The proposed Order submitted by plaintiff's attorney has been conformed to reflect the Court's decision and signed.